101 F.3d 106
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Eladio CAMACHO, Jr., a/k/a David Richard, a/k/a Hector
Perez, Defendant, Appellant.
 No. 96-1493.
 United States Court of Appeals, First Circuit.
 Nov. 13, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Jose Antonio Fuste, U.S. District Judge]
 D.Puerto Rico
 REMANDED.
 Benicio Sanchez Rivera, Federal Public Defender, and Miguel A.A. Nogueras-Castro, Assistant Federal Public Defendant, on brief for appellant.
 Guillermo Gil, United States Attorney, Nelson Perez-Sosa, Assistant United States Attorney, and Jose A. Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee.
 Before SELYA, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Eladio Camacho appeals his sentence on the ground that the district court applied the wrong legal standard in determining that Camacho was not entitled to a two-level reduction as a "minor participant" under Section 3B1.2(b) of the United States Sentencing Guidelines. We agree. Through a slip of the eye, the court read from and applied Application Note 2 of the commentary to § 3B1.2, when it should have applied Application Note 3, one paragraph below.
 
 
 2
 We remand for a supplemental finding by the district court on the issue of whether, under the correct legal standard, Camacho is entitled to a minor participant adjustment in his offense level. The court is requested to advise us of its findings by supplemental order within 45 days. If the court decides that Camacho is entitled to the adjustment or that a hearing is required before it decides, then we will remand the case for resentencing.
 
 
 3
 This court retains jurisdiction but remands for supplemental findings.